IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DERRICK EDWARDS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>C/O N.J. KING, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:22cv00043<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Michael Derrick Edwards, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, as well as an application to proceed *in forma pauperis*. The case was conditionally filed, and the court directed Edwards to submit additional financial information. (Dkt. No. 2.) To the extent that Edwards asks to proceed *in forma pauperis*, however, at least three of Edwards's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, even if Edwards could prove his indigence, Edwards may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Edwards's complaint is based entirely on an event that occurred in October 2021. Specifically, he alleges that, after he had a verbal disagreement with several correctional officers regarding his desire to be taken to shower, he was in his cell and had his arm in the tray slot. An officer told Edwards to remove his arm, but he did not. Defendant King then aggressively slammed the tray slot shut on his arm three times. He does not allege any particular injury as a result. He asserts an Eighth Amendment excessive force claim against King and bystander

---

[1] *See Edwards v. Eads*, 7:14-cv-495 (W.D. Va. Oct. 28, 2015) (dismissing without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)); *Edwards v. Kiser*, 7:19-cv-382 (W.D. Va. June 21, 2019) (same); *Edwards v. Scarberry*, 7:19-cv-288 (W.D. Va. June 21, 2019) (dismissing without prejudice for failure to state a claim, pursuant to 42 U.S.C. § 1997e(c)(1)). "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

liability claims against two other defendants who were present, contending that they could have intervened to stop the second and third "slams" by King, but they failed to do so. (*See generally* Dkt. No. 1.)

Notably, Edwards's complaint, which was filed approximately three months after the alleged incident, does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Edwards's complaint contains no allegations that would satisfy this standard and allow it to fall within the exception of § 1915(g).

As Edwards has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: March 11, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge